UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VOCES DE LA FRONTERA, INC.,
RAMIRO VARA, OLGA VARA, JOSE PEREZ,
and ERICA RAMIREZ,

    Plaintiffs,

vs.

    Civil Action
    Case No. _____,
    (Three-judge panel requested)

Members of the Wisconsin Government
Accountability Board, each only in his
official capacity: MICHAEL BRENNAN,
DAVID DEININGER, GERALD NICHOL,
THOMAS CANE, THOMAS BARLAND,
TIMOTHY VOCKE, and KEVIN KENNEDY,
Director and General Counsel for the
Wisconsin Government Accountability Board,

    Defendants.

## PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE VOTING RIGHTS ACT OF 1965

### JURISDICTION AND VENUE

1. This is an action for a declaratory judgment and for injunctive relief under Section 2 of the Voting Rights Act, 42 U.S.C. §1973, seeking to redress unlawful dilution of voting strength of Latino residents of the 8th Assembly District located on the near south side of the City of Milwaukee in the State of Wisconsin. Plaintiffs further allege that the legislative redistricting plan adopted by the Legislature of the State of Wisconsin on July 20, 2011, and signed by the Governor on August 9, 2011, unlawfully deprives the Latino community of Milwaukee's near

south side of an effective voting majority in any of the newly created assembly districts despite the fact that the Latino community is sufficiently numerous and geographically compact to allow for at least one assembly district with an effective voting majority. As a result of the redistricting plan, Latino citizens have less opportunity than other members of the electorate to participate in the political process and to elect candidates of their choice to the Legislature of Wisconsin.

2. Jurisdiction over this action is conferred on the Court by 28 U.S.C. §§ 1331, 2201, 2202; and 42 § 1973(c). As this complaint alleges violations if federal law as a result of the re-apportionment of legislative districts by Wisconsin's Legislature, a three judge court is required under 28 U.S.C. § 2284.

3. Venue is proper because the violations of the Plaintiffs' voting rights complained of herein are being committed and continue to occur in the City of Milwaukee, Wisconsin, within the Eastern District of Wisconsin;

## PARTIES

4. The Plaintiff, Voces de la Frontera, Inc., is a membership based organization that seeks to advance the civil rights, political influence and economic conditions of Wisconsin's Latino community. In light of these objectives, Voces de la Frontera is committed to enforcing the protection afforded by the Voting Rights Act of 1965 to its members, as well as to the larger Latino community and all citizens in general. Voces de la Frontera is a not for profit corporation organized under the laws of the State of Wisconsin with its principal place of business at 1027 South 5th Street, Milwaukee, Wisconsin

5. The Plaintiff, Ramiro Vara, is a Latino citizen of the United States of Mexican American national origin and a resident of the City of Milwaukee, residing at 1122 West Madison Street, Milwaukee, Wisconsin.

6. The Plaintiff, Olga Vara, is a Latina citizen of the United States of Puerto Rican national origin and a resident of the City of Milwaukee, residing at 1122 West Madison Street, Milwaukee, Wisconsin.

7. The Plaintiff, Jose Perez, is a Latino citizen of the United States of Puerto Rican national origin and a resident of the City of Milwaukee, residing at 1112 South 8th Street, Milwaukee, Wisconsin.

8. The Plaintiff, Erica Ramirez, is a Latina citizen of the United States of Mexican national origin and a resident of the City of Milwaukee, residing at 125 West Mineral Street, Milwaukee, Wisconsin.

9. The Defendant, Hon. Michael Brennan, is a resident of Marshfield, Wisconsin, and being sued in his official capacity as a member of the Wisconsin Government Accountability Board and as such is subject to the provisions and requirements of §2 of the Voting Rights Act of 1965.

10. The Defendant, Hon. David Deninger, is a resident of Monroe, Wisconsin, and being sued in his official capacity as a member of the Wisconsin Government Accountability Board and as such is subject to the provisions and requirements of §2 of the Voting Rights Act of 1965.

11. The Defendant, Hon. Gerald Nichol, is a resident of Madison, Wisconsin, and being sued in his official capacity as a member of the Wisconsin Government Accountability Board and as such is subject to the provisions and requirements of §2 of the Voting Rights Act of 1965.

12. The Defendant, Hon. Thomas Cane, is a resident of Wausau, Wisconsin, and

being sued in his official capacity as a member of the Wisconsin Government Accountability Board and as such is subject to the provisions and requirements of §2 of the Voting Rights Act of 1965.

13. The Defendant, Hon. Thomas, Barland, is a resident of Eau Claire, Wisconsin, and being sued in his official capacity as a member of the Wisconsin Government Accountability Board and as such is subject to the provisions and requirements of §2 of the Voting Rights Act of 1965.

14. The Defendant, Hon. Timothy Vocke, is a resident of Rhinelander, Wisconsin, and being sued in his official capacity as a member of the Wisconsin Government Accountability Board and as such is subject to the provisions and requirements of §2 of the Voting Rights Act of 1965.

15. The Defendant, Kevin Kennedy, is a resident of Dane County, Wisconsin, and being sued in his official capacity as the Director and General Counsel of the Wisconsin Government Accountability Board and as such is subject to the provisions and requirements of §2 of the Voting Rights Act of 1965.

16. The Government Accountability Board, is an independent agency of state government created pursuant to §15.60, Wis. Stats., and is vested with the responsibility for the administration of chapters 5 to 12 of the Wisconsin Statutes and other laws relating to the conduct of elections, including the election of representatives to the Assembly.

## BACKGROUND

17. The statistical analysis by the Wisconsin Legislative Reference Bureau of the 8th Assembly District as promulgated on May 30, 2002, by U.S. District Court for the Eastern

District of Wisconsin, indicated a total population in the year 2000 of 54,074 of which 33,602 were Latino for a Latino population percentage of 62% at that time.

18. On December 21, 2010, the U.S. Census announced and certified the actual enumeration of the population of the State of Wisconsin as of April 1, 2010, at 5,686,986, representing a slight increase in the total population of the State. However, the 2010 census data also demonstrated that the Latino population of the City of Milwaukee had grown from 71,646 in 2000 to 103,007 in 2010, representing an increase of approximately 44%.

19. The data from the April 2010 census indicates that the area of most rapid growth of Milwaukee's Latino community has been on the City's near south side centered in the area of the 8th Assembly District.

20. Based on the April 2010 census, the ideal re-apportioned population for each of the State's assembly districts is now 57,444 persons.

21. On July 20, 2011, the Wisconsin Legislature adopted a redistricting plan in which the 8th Assembly District was assigned a re-apportioned total population of 57,246 of which 37,750 are Latino, for a Latino population percentage of 65.9%. The redistricting plan also assigned to the adjacent 9th Assembly District a re-apportioned total population of 57,233 of which 34,647 are Latino, for a Latino population percentage of 60.53%. This division of the Latino community into two separate adjacent assembly districts dilutes the voting strength of the citizen voting age Latino voters well below 45% of all eligible voters in each district, thereby denying the Latino community an effective voting majority in either district. The division of the Latino community into two separate adjacent but diluted assembly districts also divides the Latino community's established business district in a way that fractures the cohesiveness of the community and ignores natural community boundaries.

22. The data from the April 2010 census and the annual American Community Survey indicate that the current population of the Latino community on Milwaukee's near south side in the vicinity of the re-apportioned 8th and 9th Assembly Districts as adopted by the Legislature is now sufficiently large and geographically compact to allow for one Assembly District with an effective voting majority of voting age Latinos who are United States citizens.

23. Over the course of the last decade, the political and electoral conduct of Latino voters on Milwaukee's near south side in the vicinity of the recently re-apportioned 8th and 9th Assembly Districts demonstrates that the Latino community is politically cohesive.

24. Over the course of the last decade, the political and electoral conduct of non-Latino Caucasian voters on Milwaukee's near south side in the vicinity of the recently re-apportioned 8th and 9th Assembly Districts demonstrates the existence of a pattern of ethnically polarized voting, in that said non-Latino Caucasian voters usually vote as a block, in the absence of special circumstances, to defeat the preferred candidates of the Latino voters.

25. Milwaukee's Latino community bears the socioeconomic effects of historic discrimination in employment, education, health, and other areas, and their depressed socioeconomic status hinders their ability to participate in the electoral process on an equal basis with other members of the electorate.

26. The State of Wisconsin employs voting practices and procedures such as photographic identification requirements which will disproportionately affect Latino citizens and thereby further hinder the ability of Latino citizens to participate in the electoral process on an equal basis with other members of the electorate.

## SECTION 2 VOTING RIGHTS CLAIM

27. The Plaintiffs incorporate by reference paragraphs 1 through 26 above and re-allege said paragraphs as if fully set forth herein.

28. The Voting Rights Act of 1965, 42 U.S.C. § 1973, precludes the State of Wisconsin from minimizing the opportunities for minority groups, including Latino citizens, to participate in the political process and in the context of the recent re-apportionment, said statute precludes the State from fracturing minorities into several districts to deprive them of an effective voting majority in situations where there exists a history of racially polarized voting.

29. The redistricting plan adopted by the Wisconsin Legislature on July 20, 2011, fails to create any assembly district with an effective Latino voting majority, despite the significant growth of the Latino community to such a degree that the creation of geographically compact district with an effective Latino voter majority is possible.

30. The redistricting plan adopted by the Wisconsin Legislature on July 20, 2011, fractures the Latino community's voting strength by dividing the Latino community into two districts in which the Latino citizen voting age population is substantially below fifty percent of the voting age population.

31. At all times relevant to the allegations of this Complaint, the Wisconsin Legislature, the Governor of the State of Wisconsin, and the Defendants have acted under color of State law and in complete disregard of the Plaintiffs' rights under the Voting Rights Act.

32. If not otherwise enjoined or directed, the Defendants will carry out their statutory responsibilities for the conduct of legislative elections during the fall of 2012, including elections in the 8th and 9th Assembly Districts based on the impermissibly drawn boundaries, which will irreparably harm the Plaintiffs by violating their rights protected by the Voting Rights Act of

Case 2:11-cv-01011-JPS   Filed 10/31/11   Page 7 of 9   Document 1

1965.

33. In the absence of legislatively enacted and statutorily permissible assembly districts in the vicinity of the Latino community on Milwaukee's near south side, any elections conducted by the Government Accountability Board in the 8th and 9th Assembly Districts will deprive the Plaintiffs of their civil rights under color of law in violation of n42 U.S.C. §§ 1973, 1983, and 1988.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that this Court:

a. Enter a declaratory judgment finding and declaring that the 8th and 9th Assembly Districts as designated in the legislative redistricting plan adopted by the Wisconsin Legislature on July 20, 201, violate the Plaintiffs' rights protected by the Voting Rights Act of 1965;

b. Grant a permanent injunction enjoining the Defendants, including the Government Accountability Board, it's employees and agents, including the election officials of the City of Milwaukee and surrounding municipalities and counties, from administering, implementing, preparing for and in any way permitting the nomination or election of candidates to the Assembly or Senate under the current legislative district boundaries adopted by the Wisconsin Legislature on July 20, 2011, and signed by the Governor on August 9, 2011, for the 2012 primary election and November 6, 2012 general election;

c. In the absence of timely and expeditious action by the Wisconsin Legislature and the Governor to adopt and sign a revised redistricting plan, judicially establish a redistricting plan that remedies the violations of the Plaintiff's

rights under the Voting Rights Act and conforms to the requirements of the U.S. and Wisconsin Constitutions in advance of the fall 2012 elections;

d. Award attorneys' fees and costs incurred in this action; and

e. Grant such other and further relief as this Court deems necessary and proper.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2011.

THE LAW OFFICE OF PETER EARLE
Attorneys for the Plaintiffs

By: _____
Peter Guyon Earle
WI SBN 1012176

Address:

839 North Jefferson Street
Suite 300
Milwaukee, WI 53202
(414) 276-1076
peter@earle-law.com


THE LAW OFFICE OF JACQUELINE BOYNTON
Attorneys for the Plaintiffs

By: _____
Jacqueline E. Boynton
WI SBN 1014570

Address:

2266 North Prospect Ave
Suite 505
Milwaukee, WI 53202
(414) 276-1066
jackie@jboynton.com